UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BILLY JOE GREEN (D-2),

        Defendant.

Case No. 13-20606

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE UNDER THE FIRST STEP ACT [80] AND DENYING HIS REQUEST FOR RECONSIDERATION OF THE DENIAL OF HIS REQUEST FOR COUNSEL [79]**

Defendant Billy Joe Green is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institute Lompac in California. The matter is before the Court on Defendant's pro se motion for release under the First Step Act. (Dkt. 80.) The government opposes Defendant's request. (Dkt. 86.) The Court finds that the facts and legal arguments are adequately presented in the motions and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motion for release.

**I.**     **Background**

On September 2, 2014, Defendant pleaded guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)—one count of conspiracy to possess with intent to distribute a controlled substance and one count of possession with intent to distribute a controlled substance (aiding and abetting). Defendant was sentenced to 144 months of imprisonment as to both counts, to run concurrent. (Dkt. 40.)

1

Defendant is currently 53 years old and his projected release date is March 28, 2025. Defendant submitted a request for release to the Warden, and that request was denied. Defendant also requested this Court appoint him counsel to assist in the filing of a compassionate release motion. (Dkt. 76.) That request was denied as well. (Dkt. 78.)

Defendant now seeks reconsideration of the denial of his request for counsel. (Dkt. 79.) Defendant also moves this Court for release based on the health concerns associated with the COVID-19 pandemic. He states he has hypertension, possible diabetes, and obesity. Defendant contracted COVID-19 in May 2020 and remained asymptomatic but is concerned about possible reinfection. The government opposes Defendant's request and notes that as of September 3, 2020, there were no confirmed active cases of COVID-19 among the inmates at FCI Lompac.

**II.     Analysis**

   **A.     Defendant's Request for Release**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>      (i)     extraordinary and compelling reasons warrant such a reduction; . . .
>      . . .

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government does not contend that Defendant did not satisfy the exhaustion requirement in this case. The government argues, however, that Defendant has failed to establish extraordinary and compelling reasons warranting his release.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision. *See* U.S.S.G. § 1B1.13, commentary n.1. The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, commentary n.1(A)(ii).

Defendant asserts he is at risk for possible complications from COVID-19 due to his hypertension, possible diabetes, and obesity. While Defendant notes he was over 300 pounds at the time of his arrest, according to his medical records, his weight in March 2019 was 232 pounds, (dkt. 85-2, filed under seal), which places him at a body mass index of 31.5—almost outside the parameters of when obesity increases a person's risk of severe illness from COVID-19 as recently revised by the CDC to include a BMI of 30 or above, *see* People with Underlying Medical Conditions, Centers for

3

Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Defendant's medical records do not indicate how much he currently weighs. Nor do they establish that he currently has hypertension or diabetes. Moreover, Defendant tested positive for COVID-19 in May 2020, but his medical records show that he remained asymptomatic. (Dkt. 85-1, filed under seal.) Thus, even if Defendant has a heightened risk for severe illness from the virus, this risk did not manifest itself when Defendant contracted the virus. It is unclear whether a person can be re-infected with COVID-19, but patients infected with other similar viruses are unlikely to be re-infected shortly after they recover. *See* Transmission, FAQs, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html. In sum, Defendant has not met his burden of establishing that his health concerns constitute extraordinary and compelling reasons warranting a sentence reduction. And even if Defendant could meet this burden, the Court would not grant him compassionate release.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Defendant's underlying offenses are very serious and involved a large amount of cocaine. At the time of sentencing, the Court calculated the appropriate guideline range to be 121 to 151 months and after considering the sentencing factors set forth in § 3553(a), found a sentence in the middle of that range appropriate. (Dkt. 63.) The Court now finds that Defendant's health concerns and the COVID-19 pandemic do not alter the weighing of the relevant factors in a significant way. Moreover, Defendant has served less than six years of his twelve-year sentence. (Dkt. 86-2.) Thus, a sentence reduction would not be consistent with the § 3553(a) factors.

**B.     Defendant's Request for Reconsideration of the Denial of Counsel**

After the Court denied Defendant's first request for counsel, he sent the Court a letter requesting reconsideration of that order. (Dkt. 79.) Because the Court is denying Defendant's motion for release, his request for counsel is moot. Moreover, a defendant is not entitled to counsel to assist with the filing of a compassionate release motion, and as demonstrated by his motion, Defendant was able to sufficiently present his case without the assistance of counsel. Accordingly, the Court denies Defendant's request for reconsideration.

**III.     Conclusion**

Based upon the foregoing, Defendant's motion for release is DENIED and Defendant's motion for reconsideration of the denial of counsel is DENIED.

SO ORDERED.

<div style="margin-left: 40%;">
s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge
</div>

Dated: September 28, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager