UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                         Case No. 13-20606

v.                                           Honorable Nancy G. Edmunds

BILLY JOE GREEN (D-2),

               Defendant.

_____/

**ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE [88]**

On September 28, 2020, this Court entered an order denying Defendant Billy Joe Green's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 87.)  The Court noted there was no contention that Defendant did not exhaust his administrative remedies and therefore addressed his request on the merits, denying it with prejudice.  The matter is now before the Court on Defendant's second motion for compassionate release.  (ECF No. 88.)  This time, Defendant is represented by counsel.

While Defendant now develops his arguments further, he continues to rely on the health concerns associated with the COVID-19 pandemic in light of his obesity, hypertension, and possible diabetes as the basis for his request.  As the Court noted in its first order, however, Defendant's obesity is relatively mild.  *See* ECF No. 87, PgID 389 (noting that in March 2019, Defendant's body mass index was 31.5—"almost

---

[1] In its order, the Court also denied Defendant's request for reconsideration of the Court's previous denial of his request for the appointment of counsel.

outside the parameters of when obesity increases a person's risk of severe illness from

COVID-19 as recently revised by the CDC to include a BMI of 30 or above").  And even

Defendant concedes that his medical records only "*suggest* that he is *trending towards*

prediabetes or diabetes."  ECF No. 88, PgID 411 (emphasis added).  Defendant argues

that even though his hypertension is undiagnosed by the Bureau of Prisons, his medical

records indicate he has high blood pressure.  However, even if Defendant could

establish that he has hypertension, it is unclear whether this medical condition

increases an individual's risk for severe illness from COVID-19.  *See* People with

Underlying Medical Conditions, Centers for Disease Control and Prevention,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

risk.html (noting that individuals with hypertension "*might* be at an increased risk for

severe illness from the virus") (emphasis added).  And while Defendant's generalized

concerns regarding the pandemic are legitimate, his risk of contracting the virus is the

same as any other inmate at his facility.  Thus, even if Defendant is correct that any

immunity he may have developed as a result of his first COVID-19 infection is gone, he

has not demonstrated that there are extraordinary and compelling reasons warranting a

sentence reduction.

　　　In its order denying Defendant's first motion, the Court also found, alternatively,

that a sentence reduction would be inconsistent with the sentencing factors set forth in

18 U.S.C. § 3553(a).  (ECF No. 87, PgID 391.)  More specifically, the Court noted that

Defendant's underlying offenses are very serious and involved a large amount of

cocaine.  The Court also noted that at the time of sentencing, after a consideration of

the sentencing factors, it found a sentence in the middle of the guideline range

appropriate.  The Court found that Defendant's health concerns in light of the pandemic

do not alter the weighing of the relevant factors in favor of release, especially because

Defendant has served less than six years of his twelve-year sentence.  Defendant has

not presented anything that would lead the Court to reconsider this analysis.[2]

For the foregoing reasons, Defendant's second request for compassionate

release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: November 24, 2020



I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[2] Defendant argues that his release would not pose a danger to society.  In support of this contention, he notes that he was released on bond during the pendency of this case and allowed to self-surrender after sentencing.  Moreover, he states that he has not incurred any disciplinary infractions during his almost six years of incarceration, has worked for four of those years, and completed numerous BOP classes.  While the Court commends Defendant on any positive steps he has taken towards his rehabilitation, the Court notes that it did not make a finding regarding dangerousness when it considered Defendant's first motion and does not do so now.  Thus, these arguments go to an issue that has no bearing on the Court's decision.